**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| LimoStars, Inc., ) | No. CV-10-2179-PHX-LOA |
| ) |  |
| Plaintiff, ) | **ORDER** |
| ) |  |
| vs. ) |  |
| ) |  |
| New Jersey Car and Limo, Inc., a New ) |  |
| Jersey corporation, ) |  |
| ) |  |
| Defendant. ) |  |
| ) |  |

This action arises on the April 12, 2011 appearance of Defendant New Jersey Car and Limo, Inc. ("New Jersey Limo"), a New Jersey corporation, by its Chief Executive Officer, Malak Faltawws, a non-lawyer. (Doc. 29) Despite the filing of this action in October, 2010, Mr. Faltawws filed a *pro se* appearance on behalf of New Jersey Limo only two days before the April 14, 2011default damages hearing which has been pending since February 10, 2011. (Doc. 21) On April 14, 2011, Mr. Faltawws also filed a document which the Court deems a motion to continue the default damages hearing set for that same day.[1] (Doc. 31)

**I. Background**

Plaintiff LimoStars, Inc. ("Plaintiff") commenced this trademark

---

[1] "Please allow Motion of Continuous (sic) for this cause to locate Attorney to represent my company in your court that has the authority to practice in Court of Arizona." (Doc. 31 at 1)

1   infringement action on October 12, 2010. (Doc. 1)  On October 21, 2010, Plaintiff
2   consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 13)  On
3   December 21, 2010, Plaintiff filed an Affidavit of Service of the Summons and
4   Complaint purportedly prepared by Carmen Molina, a New Jersey process server, stating
5   that New Jersey Limo, was served on December 8, 2010 at 1:50 p.m. c/o the New Jersey
6   Department of Treasury, 33 West State Street, Trenton, New Jersey. (Doc. 17)  Federal
7   Rule of Civil Procedure 12(a) (1) provides, in relevant part, that a defendant must serve
8   an answer "within 21 days after being served with the summons and complaint."
9   Fed.R.Civ.P. 12(a)(1).  Defendant New Jersey Limo did not file an answer or otherwise
10  respond to the Complaint within the time allotted under Rule 12(a)(1). The Clerk of
11  Court entered Defendant's default on February 8, 2011. (Doc. 20)  An April 14, 2011
12  default damages hearing before the undersigned Magistrate Judge has been pending since
13  mid-February 2011. (Doc. 21)
14  **II. Practice of Law**
15            In federal courts, only licensed attorneys may represent a corporation or
16  other entity. *Best Western Intern., Inc. v. Fish Creek Holdings, LLC*, 2010 WL 2790118,
17  * 1 (D.Ariz., July 14, 2010) (citing *Rowland v. Cal. Men's Colony, Unit II Men's
18  Advisory Counsel*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part
19  of two centuries . . . that a corporation may appear in federal courts only through licensed
20  counsel.") (citing *Osborn v. President of Bank of U.S.*, 9 Wheat. 738, 829, 6 L.Ed. 204
21  (1824)); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir.
22  2004) ("It is a longstanding rule that 'corporations and other unincorporated associations
23  must appear in court through an attorney.'") (alteration and citation omitted); *In re Am.
24  W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated
25  associations must appear in court through an attorney."); *U.S. v. High Country Broad.
26  Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole
27  shareholder could not make an "end run around" the counsel requirement by intervening
28  *pro se* rather than retaining counsel to represent the corporation) (citing 28 U.S.C. §

1  1654)). *See also*, *National Union Fire Ins. Co. of Pittsburgh, PA v. Excel Staffing*, 2011
2  WL 31192, * 1 n. 1 (D.Ariz., January 5, 2011).

3         Unless federal law addresses an issue like the prohibition of a non-lawyer
4  representing a corporation in a district court proceeding, the District Court of Arizona
5  turns to Arizona law regarding the boundaries of practicing of law without a license and
6  attorney discipline. *Marchant v. U.S. Collections West, Inc.*, 12 F. Supp. 2d 1001, 1005
7  (D. Ariz. 1998); *In re Oladiran*, 2010 WL 3775074, * 1 (D.Ariz., Sept. 21, 2010)
8  ("[L]ocal Rule of Civil Procedure 83.2 governs attorney discipline in this Court, and
9  provides that the Arizona Rules of Professional Conduct, Ariz. R. Sup.Ct. 42 . . . shall
10 apply to attorneys authorized to practice before the Court.") .

11         Arizona law also forbids non-lawyers to practice law on behalf of other
12 individuals or corporations in a judicial proceeding. Rule 31(a)(2)(A)(3) and (b), Ariz. R.
13 Sup.Ct.  While a natural person can always appear *pro per*, a corporation is an entity unto
14 itself quite separate from its owners and officers. In order to respect the corporate form,
15 Arizona long ago adopted the rule that a corporation can not appear in court without a
16 lawyer. *Jacquez v. Diem Corp.*, 2003 WL 25548423, * 3 (D. Ariz. 2003) (citing *Boydston*
17 *v. Strole Development Company*, 193 Ariz. 47, 969 P.2d 653 (Ariz. 1998) and *Ramada*
18 *Inns, Inc. v. Lane & Bird Advertizing, Inc.*, 102 Ariz. 127, 128, 426 P.2d 395, 396 (Ariz.
19 1967)). *See also*, *State v. Liberty Bail Bonds*, 2008 WL 4095513, * 3 n. 6 (Ariz.Ct.App.
20 2008).

21         There is no doubt that the filing of an answer, motion to dismiss for lack of
22 subject-matter jurisdiction, or motion to set aside entry of default on behalf of a
23 corporation constitute the "practice of law" within the meaning of both federal and
24 Arizona law. While there are some minor exceptions, none apply here.

25 **III. Discussion**

26         Even though Mr. Faltawws is not an attorney, his appearance and motion to
27 continue herein on behalf of Defendant New Jersey Limo will not, at least initially, be
28 treated as a nullity. *Boydston*, 969 P.2d. at 656.  In an abundance of fairness to Defendant

- 3 -

1  and its non-lawyer CEO, the Court will *sua sponte* vacate the April 14, 2011 default
2  damages hearing to allow New Jersey Limo to retain counsel. *D-Beam Ltd. P'ship*, 366
3  F.3d at 974 ("[T]hough a corporate officer's signing the notice of appeal does not render
4  that notice invalid, all subsequent motions and pleadings must be filed by counsel. Thus,
5  even if Evans's notice of appeal were adequate to assert D-Beam's claims, we lack
6  jurisdiction over those claims because D-Beam did not retain counsel prior to the filing of
7  motions and pleadings on appeal."); *Barrios v. New York City Housing*, 564 F.3d 130,
8  132-133 (2nd Cir. 2009).

9  Defendant New Jersey Limo will be allowed a reasonable time and a single
10 opportunity to retain a lawyer, licensed to practice law in Arizona and admitted to
11 practice in this District Court or authorized to practice law in this District Court upon *pro*
12 *hoc vice* application, or the Court will proceed with the default judgment proceedings.
13 *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993)
14 (affirming district court's entry of default judgment against the corporation when the
15 corporation failed to retain counsel for the duration of the litigation and attempted to
16 proceed through its unlicensed president and sole shareholder). Absent a showing of
17 good cause or a written settlement agreement, the failure of New Jersey Limo to
18 promptly retain counsel, consistent with this order, and appear in this action may result in
19 entry of a default judgment against it. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*,
20 86 F.3d 852, 855-56 (8th Cir. 1996) (affirming district court's entry of default judgment,
21 noting that "[a]ppellants' excuses for their conduct do not warrant a finding that the
22 district court abused its discretion in granting default judgment," where one of the
23 excuses included was that the company was "financially unable to secure new legal
24 counsel"); *GFSI, Inc. v. San Sun Hats & Cap Co., Ltd.*, 2008 WL 489318 (D.Kan., Feb.
25 20, 2008) (court struck invalid *pro se* response on behalf of defendant corporation
26 because it was in violation of both court's order and the rule that corporations must be
27 represented by counsel.).

28 The additional time provided herein will also give the parties a fair chance

- 4 -

1  to try to quickly settle this case without further expense and delay which is consistent
2  with Rule 1, Fed.R.Civ.P.  Unless Mr. Faltawws has already retained counsel, the Court
3  hereby directs Mr. Faltawws to promptly contact Plaintiff's counsel directly at his office
4  in Wood River, Illinois in an effort to settle this case to the satisfaction of all parties.

On the Court's own motion,

**IT IS ORDERED** that the April 14, 2011 default damages hearing is hereby **VACATED**.

**IT IS FURTHER ORDERED** that unless the parties promptly settle this case, Defendant New Jersey Car and Limo, Inc. must retain an attorney, licensed to practice law in Arizona and admitted to practice in this District Court or authorized to practice law in this District Court upon *pro hoc vice* application, and file an appearance herein on or before **Friday, April 29, 2011.**  If Defendant New Jersey Car and Limo, Inc. does not timely comply with this order regarding obtaining counsel, Plaintiff is hereby authorized to file a notice requesting the Court reset the default damages hearing on a date and time convenient to Plaintiff.

**IT IS FURTHER ORDERED** that there will be no further extensions of time for Defendant New Jersey Car and Limo, Inc. to retain an attorney in this lawsuit.

**IT IS FURTHER ORDERED** that Malak Faltawws' motion to continue, doc. 31, is **DENIED** as moot.

The Clerk of Court is kindly directed to mail a copy of this order to Defendant New Jersey Car and Limo, Inc. c/o Malak Faltawws.

Dated this 14th day of April, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge