**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| LimoStars, Inc., | No. CV-10-2179-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. |  |
| New Jersey Car and Limo, Inc., a New Jersey corporation, |  |
| Defendant. |  |

This case arises on Plaintiff's Notice of Available Dates and Alternate Requested Relief, responding to the Court's May 2, 2011 order soliciting several dates, convenient to counsel and Plaintiff's witness[es], for purposes of re-scheduling the default damages hearing before the undersigned Magistrate Judge. (Docs. 34, 36) The Court will re-schedule the default damages hearing on one of those dates, *viz*. Thursday, June 16, 2011 at 1:30 p.m.

Plaintiff also requests that the Court enter the default judgment by considering only affidavits and documents submitted by Plaintiff without conducting a formal evidentiary hearing. (Doc. 36 at 2) Plaintiff indicates that "[g]iven the relatively small amount in controversy, as well as the uncertainty of Defendant's ability to satisfy a

money judgment, Plaintiff would appreciate avoiding the additional expense of counsel's travel to Phoenix if the Court agrees that a hearing is unnecessary." (*Id*. at 1-2)  Plaintiff cites no authority that a district court may properly enter a default judgment on claims for non-liquidated damages and injunctive relief upon the submission of written documents only except for the reference to the word "may" in Rule 55(b)(2), Fed.R.Civ.P.  Alternatively, Plaintiff requests that counsel and Plaintiff's witness[es] be authorized to appear telephonically which would allow the Court to ask questions and receive answers. (*Id*. at 3)  Again, no authority is provided for this request.

While the Court is supportive of innovative efforts to reduce the costs of civil litigation and aware of the command of Rule 1, Fed.R.Civ.P., it is also mindful that Plaintiff, an Arizona corporation with its principal place of business in Buckeye, Arizona, doc. 10 at 2, elected to retain Illinois counsel to bring suit in Phoenix, Arizona against a New Jersey corporation with its principal place of business purportedly in Rutherford, New Jersey. Having chosen Arizona to file its suit, it is not unreasonable to require Plaintiff to appear in Arizona to prove its damages. Of course, "[w]hen a plaintiff's damages are unliquidated (i.e. capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits) or punitive, they require 'proving up' through an evidentiary hearing or some other means." *Holtsinger v. Briddle*, 2007 WL 1080112, * 1 (E.D.Cal. 2007) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods*., 722 F.2d 1319, 1323-24 (7th Cir. 1983)). "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or

in detailed affidavits." *Dundee*, 722 F.2d at 1323; *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

While a district court has the discretion to eliminate a formal hearing on the issue of damages as long as the court finds there is a basis for the damages specified, *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997), this Court believes it is wiser and more prudent in this case to require an evidentiary hearing with counsel and witness[es] physically present to answer counsel's and the Court's questions. Because Plaintiff is requesting, among others, injunctive relief and treble damages, the physical presence of counsel and witness[es] will place the Court in a better posture to understand the evidence, deal with unexpected events which may occur at the hearing, and would likely preclude further delays in the case's resolution. Of course, Plaintiff always has the option to either voluntarily dismiss this case to reduce any additional litigation expenses or settle it with Defendant and its purported Chief Executive Officer, Malak Faltawws, before the hearing on terms acceptable to both parties.

**IT IS ORDERED** setting a default damages hearing for **1:30 p.m. on Thursday, June 16, 2011** before the undersigned Magistrate Judge at the Sandra Day O'Connor U.S. Courthouse, Courtroom 302, 401 W. Washington, Phoenix, Az. Allotted time: 1 hour.

**IT IS FURTHER ORDERED** that Plaintiff's alternative requested relief is **DENIED**.

The Clerk of Court is kindly directed to mail a copy of this order to

Defendant New Jersey Car and Limo, Inc. c/o Malak Faltawws.

      Dated this 18th day of May, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge